# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JONATHAN KRAUSE, | ) | |
| | ) | |
| Petitioner, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:09CV555 |
| | ) | 1:00CR212-1 |
| Respondent. | ) | |

Petitioner Jonathan Krause, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 38).[1] Petitioner was charged with, and pled guilty to, one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e)(1) (docket nos. 1, 12, 13). He was subsequently sentenced to 180 months of imprisonment (docket no. 21). This sentence was based on the fact that Petitioner was determined to be an armed career criminal because he had three prior convictions for crimes of violence. One of these prior convictions was for possessing a weapon of mass destruction (sawed-off shotgun) in North Carolina. Petitioner objected to the characterization of this conviction as a crime of violence, but lost the point at sentencing and on appeal. *United States v. Krause*, 13 Fed. Appx. 129 (4th Cir. 2001).

---

[1]This and all further cites to the record are to the criminal case.

Based on recent changes in the law, Petitioner filed his motion under § 2255. In that motion, he raises a single claim for relief in which he asserts that possession of a sawed-off shotgun in North Carolina is not a crime of violence. Respondent has responded to Petitioner's motion and arguments. It concedes that Petitioner is entitled to bring his claim, that the law has indeed changed,[2] and that a conviction for possession of a weapon of mass destruction under North Carolina law is not now crime of violence under the Armed Career Criminal Act (ACCA). It agrees that Petitioner's motion to vacate should be granted and that he should be returned to this court for resentencing. At resentencing he will no longer face the fifteen year mandatory minimum required by the ACCA under 18 U.S.C. § 924(e)(1), but will instead face a maximum sentence of ten years imprisonment under 18 U.S.C. § 924(a)(2).

In light of the parties' arguments, current case law, and Respondent's concessions, the undersigned agrees that the appropriate course of action is the one described in the response brief. Petitioner's § 2255 motion should be granted and he should be returned to this court for resentencing.

---

[2]Respondent and Petitioner cite to the cases of *Begay v. United States*, ___ U.S. ___, 128 S.Ct. 1581 (2008), *Chambers v. United States*, ___ U.S. ___, 129 S.Ct. 687 (2009), and *United States v. Haste*, 292 Fed. Appx. 249 (4th Cir. 2008) as being the cases that have resulted in the change of law since Petitioner's sentencing.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 38) be granted, that his sentence be vacated, and that Petitioner be returned to this court for resentencing.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
November 30, 2009